## R. S. THOMAS, Appellee, v. HENRY D. LONG, Appellant.

**NEW TRIAL:** Misconduct of Counsel—Argument—Belated Objection. Objection to improper argument is too late when made for the first time in motion for new trial.

**APPEAL AND ERROR:** Review—Presumption—Argument. Alleged objectionable argument must be included in the appeal record, or the court will presume that it was legitimate.

**BROKERS:** Action for Compensation—Pleading—Ability of Proposed Purchaser to Buy—Merchantable Title. Issue on the readiness, ability, and willingness of a proposed purchaser to buy includes (at least in the absence of any attack on the pleading) the issue whether the proposed purchaser was able to pass a merchantable title. So held in a case wherein the proposed purchaser did not own the necessary ground over which access to and from the building was had.

**PLEADING:** Form and Allegation in General—Volunteer Issues. The introduction of testimony, in part without objection, and in part under the ruling of the court, bearing on a matter material to the merits of the controversy, may well be justified on the theory that the parties, by their conduct, voluntarily created a non-paper issue.

**TRIAL:** Instructions—Requested Instructions—Form and Requisites. A requested instruction for a directed verdict may be based on the broad ground that plaintiff has not established his claim, as pleaded. Detailed specification wherein plaintiff has so failed is not necessary.

**APPEAL AND ERROR:** Party Entitled to Allege Error—Failure to Emphasize Point—Effect. One who, in the trial court, has actually made a record on a material point, is not deprived of the benefit thereof on appeal by the plea that he did not press the point in the lower court with the same vigor as on appeal.

**APPEAL AND ERROR:** Review—Discretion of Court—Verdicts Fundamentally Wrong. If a verdict is fundamentally wrong as a matter of law, it is, manifestly, of no force to say that such verdict ought not to be disturbed because the trial court was familiar with the issues and evidence bearing thereon, and refused to disturb it.

**BROKERS:** Compensation—Sufficiency of Service—Purchaser Will-
8    ing, Able, Etc.—Absence of Merchantable Title—Effect. One
     who has no merchantable title to the property which it is agreed
     he shall convey in payment of the property listed with the
     broker, is not a purchaser "ready, able, and willing" to buy.
     So held where the proposed purchaser did not have title to the
     ground which supported the stairway leading to his property.

*Appeal from Wapello District Court.*—FRANCIS M. HUNTER,
Judge.

FEBRUARY 8, 1918.

THE plaintiff and appellee had verdict for a commission
which he claims is due him because he found a buyer who
was ready, willing, and able to buy, on terms proposed by
the defendant, and defendant declined to sell on such terms.
Defendant appeals.—*Reversed and remanded.*

*Roberts & Webber,* for appellant.

*Tisdale & Heindel,* for appellee.

SALINGER, J.—I. It may be assumed
1. NEW TRIAL:
   misconduct      that counsel for plaintiff claimed, in closing
   of counsel: ar-
   gument: be-     argument, that a witness had explained
   lated objection.
                   away a point relied on by defendant, and
that the testimony of such witness did not do this. The
attention of the court was not called to the alleged miscon-
duct at the time when it occurred, and the first complaint
appears in the motion for new trial, which was overruled.
We think this situation precludes us from reversing on ac-
                   count of said alleged misconduct. More-
2. APPEAL AND      over, none of the arguments appear in the
   ERROR: review:
   presumption:    record, and there is a presumption that what
   argument.
                   was said was a permissible answer to oppos-
ing argument. See *State v. Cameron,* 177 Iowa 379.

II. Appellant asserts that the verdict was a quotient
verdict. To say the least, it is fairly debatable whether this
is so. The trial court found against the contention, and

we find nothing that justifies us in interfering with its conclusion on this head.

III. It appears that, as part of the purchase price for his farm, defendant was willing to take a property known as the English Kitchen building, to which the proposed buyer claimed title. It is conceded that the means of entering and leaving said building is by stairways on one side thereof, and that these stairways rest upon ground which the proposed buyer did not own. His building and the said stairway use 26 feet of ground, and the buyer had title to but 22 feet thereof. The defendant contends that this fails to make a merchantable title to the English Kitchen property, and that, therefore, plaintiff has not found a buyer who was able to buy. The first avoidance attempted by the appellee is that the pleadings present no such question; and that, while they do contain a denial of any indebtedness, such plea is the mere statement of a legal conclusion. The petition alleges, in effect, that the proposed buyer was ready, able, and willing to close the exchange on the terms which defendant had authorized plaintiff to submit, and that the exchange was not consummated because the defendant refused to consummate it, although such a purchaser was offered. The answer is not confined to a statement that defendant is not indebted to the plaintiff, but alleges in terms that plaintiff never did produce anyone who was ready, able, and willing to buy his farm at the price at which defendant had offered to sell the same, and that the parties were unable to agree upon terms. It seems to us that, in the absence of all attack upon this pleading, it sufficiently asserts that the proposed buyer was neither willing nor able to buy upon the terms proposed by the defendant, which, on the theory of appellee, include conveying the English Kitchen property to defendant; that the sole question is whether the buyer

3. BROKERS: action for compensation: pleading: ability of proposed purchaser to buy: merchantable title.

was willing and able to make what the law deems a conveyance of such property.

4. PLEADING: form and allegation in general: volunteer issues.

Be that as it may, the defendant adduced testimony which bore on nothing except that the English Kitchen building and the means of access thereto and egress therefrom required 26 feet of ground. Some of it was introduced without objection, and, in speaking to such objections as were made, the court held that:

"It is proper for the defendant's counsel to show, if he wishes to, and it be true, that the title to the property was not a merchantable title."

Whatever, then, the state of the pleadings, a volunteer issue was made of whether the proposed buyer had tendered a merchantable title; and whether title to but 22 feet of ground was such title is not a pure question of fact, as appellee contends, but a pure question of law.

*3-a.*

5. TRIAL: instructions: requested instructions: form and requisites.

Appellee next contends that, while appellant did ask an instruction directing the jury to find for the defendant, such instruction is not based specifically on the width of the ground, is very general in terms, and is evidently based more on the failure of appellee to sustain his contention as to the contract and performance on his part than upon the matter of width. The instruction in question asked the court to charge that the burden of proof was on the plaintiff to establish his claim as alleged, and that verdict should be directed for defendant because the evidence fails to establish the claim of the plaintiff. We are of opinion that the generality of this offered instruction affords appellee no aid. The petition alleged that the proposed buyer was ready, willing, and able. The answer challenged this allegation. The instruction fairly tendered the issue whether the plaintiff had established said allegation of his petition.

### 3-b.

Appellee next says that the issue tried
was as to the making and performance of
the contract, and that all the testimony
bore upon this issue; that "this question as
to the width of the lot" was raised but "in-
cidentally;" and that "incidentally, the appellant intro-
duced a little testimony as to the width of the lot on which
the English Kitchen building is located;" that appellant
now gives the evidence on the width of ground more em-
phasis than he did below; and that the evidence shows ap-
pellant never made complaint as to the width of the lot.
All this may be so; yet the fact remains that, on the trial,
the defendant challenged the readiness and ability of the
buyer to make good title, and that all urged is immaterial,
if the buyer was not willing and able to give such title. It
is further suggested by appellee, in effect, that the defend-
ant was indifferent as to the state of the title to the lot,
as to whether the proposed buyer owned less of it than was
needed for the use of the building; that the building was
spoken of as a building; and that nothing was said as to
the width of the lot on which the same was situated. The
force of this, if it have any, is met by the concession in
appellee's argument that "yet it may be assumed that the
language used and the reference to the building carried with
it the idea that the ground was to go therewith." It is
inconceivable that the proposed purchaser wanted just a
building, and was indifferent as to the title to it, as dis-
tinguished from mere personal property.

**6. APPEAL AND ERROR: party entitled to allege error: failure to emphasize point: effect.**

### 3-c.

Appellee further contends that, as the
trial court heard all the testimony, was per-
fectly familiar with the issues as tendered,
and at the close of all the evidence, refused
to direct a verdict for defendant, we should

**7. APPEAL AND ERROR: review: discretion of court: verdicts fundamentally wrong.**

not disturb the verdict. Does not this beg the question? If the verdict is wrong because the proposed buyer could not make title, the existence of the verdict and the failure of the court to interfere proves error, and not a cure or avoidance of error.

### 3-d.

Finally, appellee contends there was a substantial compliance upon all matters involved in the issues, as presented by the pleadings and by the testimony, and that these issues were fairly presented to the jury in the instructions. The real question is whether this is so. It all comes to this: The appellee wants a commission for finding a buyer. If the buyer found lacked a merchantable title to that with which he was proposing in part to pay, then the appellee is not entitled to a commission, because the buyer offered to pay with what he did not own. We see no escape from the conclusion that the proposed buyer did not have a merchantable title. We are unable to see how the case differs in effect from what it would be if the building itself were 26 feet wide, and one proposing to sell it disclosed that a third party owned four feet of the land upon which the 26-foot wide building stood. Whoever bought, in the supposed case, would, to say the least, buy the chance of a lawsuit, which might end by compelling the owner of the property to cut off four feet of it, and replace one wall on the building. The same situation exists where what a third person might take is the only ground upon which are the means of entering or departing from the building proposed to be sold.

In our opinion, the judgment below must be reversed. —*Reversed and remanded.*

PRESTON, C. J., LADD and EVANS, JJ., concur.

*Marginal note:*

8. BROKERS: compensation: sufficiency of service: purchaser willing, able, etc.: absence of merchantable title: effect.